WOOD v. NEW YORK & N. E. R. CO.

(Circuit Court, D. Massachusetts. April 20, 1894.)

No. 3,219.

EQUITY—PARTIES—PETITION OF RECEIVER.

The receivers of a railroad company filed petitions in the suit in which they were appointed. alleging that a certain other railroad company, which was not a party to the suit, was unjustly discriminating against their company, and praying that such discrimination be restrained. *Held*, that there was no jurisdiction to grant such relief in the original suit, and the petitions should be dismissed.

This was a motion to dismiss the petitions of Thomas C. Platt and Marsden J. Perry, receivers, in the suit of Theodore F. Wood against the New York & New England Railroad Company.

Strout & Coolidge, for receivers.

J. H. Benton, Jr., and Henry C. Robinson, for New York, N. H. & H. R. Co.

COLT, Circuit Judge. The motion to dismiss the petitions of the receivers in the above-entitled cause relates solely to a question of equity procedure, and in no way involves the merits of the controversy between the parties. The only question at present to be determined is whether the New York, New Haven & Hartford Railroad Company can properly be brought in as respondent in this cause upon petition of the receivers, or whether it should be proceeded against by a separate bill. The present bill was brought by Theo-

dore F. Wood against the New York & New England Railroad Company, and the petitioners, Thomas C. Platt and Marsden J. Perry, have been appointed receivers of the railroad by a decree containing the provisions usual in such cases; enjoining all persons from interfering with their possession, control, and management of the railroad.   The receivers now bring two petitions against the New Haven Company, in which they allege that said company has, in violation of universal and established custom, the provisions of its charter, the statutes of Massachusetts, and the interstate commerce act, unjustly discriminated against the New England Railroad Company as to the transportation of freight, and praying that said company be ordered to cease such discrimination, and may be enjoined therefrom, and may be ordered to give to the New England Railroad Company equal privileges, in this regard, with other connecting lines, and that a preliminary restraining order may issue.   The New Haven Company now move to dismiss these petitions, on the ground that the court has no power to grant the relief prayed for in this suit.

It is clearly within the power of the court to control the administration of the railroad in the hands of its receivers, and, incidentally, to restrain by injunction any act of any person or corporation, whether a party to the suit or not, which interferes with the possession or control by the receivers of any of the property of the railroad, whether actually or constructively in their possession. But these petitions are of a different character, and they do not charge active or constructive interference with property now in the possession of the receivers.   They concern, primarily, the question of an obligation on the part of the New Haven Company to transact in a certain way that part of its business with which these receivers are concerned.   They raise, therefore, a question of title between the receivers and a third person.   They do not relate to the administration of the insolvent estate, but to a disputed claim made on behalf of the estate.   I do not think these proceedings come within the jurisdiction invoked by the present bill, and in my opinion it would be contrary to the usual course of equity procedure to make the New Haven Company a party defendant to the bill, for the purpose of determining the questions raised by these petitions.   I shall therefore direct that the motion to dismiss the petitions be granted, but without prejudice to the receivers to bring a new bill.